**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **MARLON BAKER,** | § | |
| *Petitioner* | § | |
| | § | |
| v. | § | **Case No. A-17-CR-382(1)-RP** |
| | § | **A-19-CV-1123-RP-SH** |
| | § | |
| **UNITED STATES OF AMERICA,** | § | |
| *Respondent* | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

**TO:    THE HONORABLE ROBERT PITMAN
          UNITED STATES DISTRICT JUDGE**

Before this Court are Marlon Baker's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Dkt. No. 44) and Memorandum in Support of Motion (Dkt. No. 45), and the Government's Response to Baker's Motion to Vacate, Set Aside, or Correct Sentence (Dkt. No 49). On November 19, 2019, the District Court referred the above motion to the undersigned Magistrate Judge for Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

### I.    BACKGROUND

On November 7, 2017, Baker was charged with possession with intent to distribute 3, 4-Methylenedioxymethamphetamine (MDMA) and Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Count One); possessing a firearm as a felon, in violation of 18 U.S.C. § 922(g)(1) (Count Two); and possessing a firearm as a felon in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (Count Three). Dkt. No. 1. On February 1,

2018, Baker pled guilty, pursuant to a Plea Agreement,[1] to Counts One and Two of the Indictment. Dkt. No. 25. As part of his Plea Agreement, Baker agreed to waive his right to appeal his sentence on any ground "except in a case in which the sentence imposed by the Court is greater than the maximum sentence authorized by statute." Dkt. No. 24 at p. 3. In addition, Baker agreed to waive his right to file a § 2255 motion except to challenge his sentence due to ineffective assistance of counsel or prosecutorial misconduct. *Id.*

On April 12, 2018, the District Court sentenced Baker to 96 months imprisonment, a three-year term of supervised release, a $200 special assessment fine, and an order of forfeiture. *See* Judgment and Commitment Order, Dkt. No. 37. Baker did not file a direct appeal of his conviction and sentence.

On November 18, 2019, Baker filed this Motion, alleging that his sentence should be vacated because he is "actually innocent" of the offenses he pled guilty to, his guilty plea was involuntary, and the District Court lacked subject jurisdiction to sentence him. The United States argues that Baker's Motion is untimely under the one-year statute of limitations applicable to § 2255 motions.

## II. STANDARD OF REVIEW

Under § 2255, four general grounds exist on which a defendant may move to vacate, set aside, or correct his or her sentence: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the District Court was without jurisdiction to impose the sentence; (3) the sentence imposed was in excess of the maximum authorized by law; and (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. The nature of a collateral challenge under § 2255 is extremely limited: "A defendant can challenge his conviction after it is presumed final only on issues of constitutional or jurisdictional magnitude . . . and may not raise an issue for the

---

[1] Dkt. No. 24.

2

first time on collateral review without showing both 'cause' for his procedural default, and 'actual prejudice' resulting from the error." *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991) (quoting *United States v. Frady*, 456 U.S. 152, 168 (1982)). If the error is not of constitutional or jurisdictional magnitude, the movant must show that it could not have been raised on direct appeal and would, if condoned, "result in a complete miscarriage of justice." *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994).

### III.   ANALYSIS

Baker alleges that his sentence should be vacated because (1) he is "actually innocent" of the 18 U.S.C. § 922(g) offense in light of the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019), (2) his guilty plea was involuntary, and (3) the District Court lacked subject-matter jurisdiction to sentence him. The Court lacks jurisdiction to review the merits of Baker's Motion to Vacate because it was filed after the one-year statute of limitations expired in this case.

"Title 28 U.S.C. § 2255 establishes a '1-year period of limitation' within which a federal prisoner may file a motion to vacate, set aside, or correct his sentence under that section." *Dodd v. United States*, 545 U.S. 353, 354 (2005). Specifically, § 2255 provides that the limitation period shall run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

In most cases, the operative date from which the limitation period is measured will be the one identified in § 2255(f)(1): "the date on which the judgment of conviction becomes final." *Dodd*, 545 U.S. at 357 (quoting § 2255(f)(1)). Baker's judgment was entered on April 16, 2018, and because he did not file an appeal, the limitation period began to run on April 30, 2018, when the deadline for filing a direct appeal expired. *See United States v. Gonzalez*, 592 F.3d 675, 677 (5th Cir. 2009) (noting that if movant does not file a notice of appeal, "his conviction became final when the deadline for filing an appeal expired."). Thus, Baker had until April 30, 2019 to file his § 2255 Motion. Because Baker did not file his § 2255 Motion until November 18, 2019, it is time-barred under § 2255(f)(1).

Baker's § 2255 Motion could still be considered timely if it falls within one of the other provisions listed under § 2255(f). In this case, Baker is attempting to rely on § 2255(f)(3), which provides that a § 2255 Motion is timely if it is filed within one year of "the date on which the right asserted was initially recognized by the Supreme Court . . . and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). Baker argues that his § 2255 Motion is timely because it was filed within one year of the Supreme Court's decision in *Rehaif*, 139 S. Ct. 2191.

In *Rehaif*, the petitioner was an alien who entered the country on a nonimmigrant student visa to attend university, but was dismissed for poor grades. *Id.* at 2194. The university told the petitioner that his "immigration status" would be terminated unless he transferred to a different university or left the country. *Id.* The petitioner subsequently visited a firing range, where he shot two firearms. After learning of the petitioner's visit to the firing range, the Government prosecuted him for possessing firearms as an alien unlawfully in the United States in violation of 18 U.S.C. § 922(g) and § 924(a)(2). At the close of the trial, the court instructed the jury, over the petitioner's objection, that the "United States is not required to prove" that the petitioner "knew he was illegally

4

or unlawfully in the United States." *Id.* The jury found the petitioner guilty and he was sentenced to 18 months' imprisonment. *Id.*

The petitioner appealed, and the Supreme Court ultimately granted certiorari to consider whether in prosecutions under § 922(g) and § 924(a)(2), the Government must prove that a defendant knows of his status as a person barred from possessing a firearm, which in that case was the petitioner's status as an illegal alien. *Id.* at 2195. The Court held that "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove *both* that the defendant *knew* he possessed a firearm and that he *knew* he belonged to the relevant category of persons barred from possessing a firearm." *Id.* at 2200 (emphasis added). The Court noted that a longstanding presumption exists that "Congress intends to require a defendant to possess a culpable mental state regarding each of the statutory elements that criminalize otherwise innocent conduct." *Id.* at 2195 (quotation marks omitted). A defendant who did not know that his or her presence in the United States was unlawful could not, therefore, have the required guilty state of mind. *Id.* at 2198.

Baker's reliance on *Rehaif* is misplaced. Even if *Rehaif* applied to the facts in Baker's case, he has failed to show that it is retroactively applicable to cases on collateral review under 28 U.S.C. § 2255(f)(3). While the Supreme Court and the Fifth Circuit Court of Appeals have not addressed whether *Rehaif* is retroactively applicable to cases on collateral review, the Eleventh Circuit and numerous district courts have determined that *Rehaif* is not. *See In re Palacios*, 931 F.3d 1314, 1315 (11th Cir. 2019) (holding that *Rehaif* "was not made retroactive to cases on collateral review by the Supreme Court."); *United States v. Hernandez*, 2020 WL 982598, at *5 (W.D. La. Feb. 27, 2020) ("*Rehaif* does not apply retroactively to cases on collateral review."); *Hobgood v. United States*, 2020 WL 710149, at *2 (E.D. Tenn. Feb. 12, 2020) (same); *United States v. Benton*, 2020 WL 132276, at *2 (W.D. La. Jan. 9, 2020) (same); *Miller v. Warden*, 2020 WL 609824, at *2

5

(W.D. La. Jan. 21, 2020) (same), *report and recommendation adopted*, 2020 WL 614794 (W.D. La. Feb. 7, 2020); *Nixon v. United States*, 2019 WL 6498088, at *3 (N.D. Tex. Dec. 3, 2019) (same); *Morris v. United States*, 2020 WL 85158, at *3 (E.D. Mo. Jan. 7, 2020) (same); *United States v. May*, 2019 WL 6310195, at *2 (S.D. Ohio Nov. 25, 2019) (same), *report and recommendation adopted*, 2019 WL 6893546 (S.D. Ohio Dec. 18, 2019). Because *Rehaif* has not been made retroactively applicable to cases on collateral review, § 2255(f)(3) is inapplicable in this case.

Accordingly, Baker's § 2255 Motion is time-barred and it must be dismissed for lack of jurisdiction. *See United States v. Hernandez*, 779 F. App'x 195, 200 (5th Cir. 2019) (dismissing untimely and successive § 2255 motion for lack of jurisdiction), *cert. denied*, 2020 WL 129691 (2020).

## IV. RECOMMENDATION

Based on the foregoing, the undersigned **RECOMMENDS** that the District Court **DISMISS** Marlon Baker's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Dkt. No. 44) for lack of jurisdiction.

**IT IS FURTHER ORDERED** that this case be removed from the Magistrate Court's docket and returned to the docket of the Honorable Robert Pitman.

## V. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen

(14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on March 9, 2020.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE